UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR08-082-RSL |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| PAUL D. PETERSON, | ) | |
| Defendant. | ) | |

<u>Offense charged</u>:   Conspiracy to Distribute Cocaine and Crack Cocaine; Possession of Crack Cocaine with Intent to Distribute; Forfeiture Allegation

<u>Date of Detention Hearing</u>:   March 26, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1. Defendant has been charged with a drug offense the maximum penalty of which

01 is in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both
02 dangerousness and flight risk, under 18 U.S.C. §3142(e).
03     2.    The AUSA proffers information indicating that Defendant was arrested on October
04 12, 2007 on state court charges that are the same as those ultimately alleged in Count 11 of the
05 Indictment in this case.  However, after spending one night in jail, the AUSA alleges that
06 defendant immediately returned to drug trafficking activity with another individual who is a co-
07 defendant in this case.  A search of the residence to which defendant asks to be released yielded
08 crack cocaine and drug packaging materials, as well as marijuana. The AUSA proffers that
09 defendant engaged in counter surveillance activity during the course of the instant investigation.
10     3.    The defendant has not been employed for the last 6 years.  There is some
11 discrepancy as to his current residence.
12     4.    Taken as a whole, the record does not effectively rebut the presumption that no
13 condition or combination of conditions will reasonably assure the appearance of the defendant as
14 required and the safety of the community.
15 It is therefore ORDERED:
16     (1)    Defendant shall be detained pending trial and committed to the custody of the
17     Attorney General for confinement in a correction facility separate, to the extent
18     practicable, from persons awaiting or serving sentences or being held in custody
19     pending appeal;
20     (2)    Defendant shall be afforded reasonable opportunity for private consultation with
21     counsel;
22     (3)    On order of a court of the United States or on request of an attorney for the

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 2

Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of March, 2008.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91